IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02964-RBJ-CBS

BRIGHTSTAR EDUCATION GROUP, INC.

        Plaintiff,

v.

NFP PROPERTY & CASUALTY SERVICES, INC.,

        Defendant.

## STIPULATED PROTECTIVE ORDER

Brighstar Education Group, Inc. ("Brighstar") and NFP Property & Casualty Services, Inc. ("NFP"), by and through counsel, hereby stipulate to the following Protective Order and ask the Court to enter it as an Order related to the above-styled matter:

1.    **PURPOSE**.  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, privileged or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (herein after referred to as the "Order").

2.    **SCOPE**.  The protections conferred by this Order cover not only the material produced but also any information copied or extracted therefrom.

**Exhibit A**

3. **PROTECTED MATERIAL.** Protected material shall include information marked CONFIDENTIAL.

    a. CONFIDENTIAL MATERIAL. Confidential Material shall mean information or items (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

        i. <u>Disclosure of "Confidential Material"</u>. Documents designated "CONFIDENTIAL" may be disclosed only to (a) the parties, (b) attorneys licensed to practice law in any State of the United States who are engaged in good faith to advise any parties concerning this litigation (including in-house counsel), such attorney's legal associates, employees, and such translators or interpreters as necessary in connection with this action; (c) expert witnesses assisting counsel of record with respect to this action provided such expert witnesses are advised of the existence of this Order; (d) the insurance carrier for any party to the above-captioned matter; (e) the Court and its personnel; and (f) stenographic reporters and videographers who are engaged in proceedings necessarily incident to the action; (g) deponents or witnesses, provided they are advised of the existence of this Order; (h) other persons assisting counsel in this litigation who have been approved by the Court or who have been approved by the opposing party as provided herein. Such protected material may be disclosed only to the categories of persons and under the conditions described in this Order.

    b. A party may designate a document by applying the appropriate legend to every page of any copies of the documents supplied to the other party to the extent they contain such information, but need not make such marking on inspection by the other party's counsel prior to copying.

    c. A Party may designate a deposition or one or more portions of a deposition as Confidential by making an affirmative statement either before or during such deposition.   No person may attend portions of a deposition designated as Confidential under this Order unless such person is an authorized recipient of designated materials under the terms of the Order.

    d. Subject to the requirements of D.C.COLO.LCivR 7.2, Confidential Materials designated under this Order and information derived directly from them may be presented to the Court in this action, and may be included in briefs, memoranda, or other papers filed with this Court.

    e. A party shall not be obligated to challenge the propriety of any designation for protection hereunder at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

    f. The inadvertent or unintentional disclosure by the designating party of protected material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or

       related subject matter. If any party inadvertently discloses materials that are the subject of a claim of privilege, the receiving party shall immediately return all copies of such Materials to the producing party.

  g. Nothing contained in this Order shall prohibit or restrict the right or ability of counsel to give legal advice based on material or information obtained in discovery or under this Order, provided that in so doing they do not disclose any of the substance of designated material to any person not authorized to receive such information and material pursuant to this Order.

  h. The termination of this action shall not automatically terminate the effectiveness of this Order. Nothing in this Order is intended to create or will be construed to create any contract or agreement between the parties or between the parties and any counsel.

**4.  RETURN OR DESTRUCTION OF PROTECTED MATERIAL.** Within thirty days of the conclusion of this Action, whether by settlement, dismissal, entry of a final non-appealable judgment or otherwise, each party shall destroy or return all protected materials produced to it in this Action. Each party shall certify in writing to each other party that it has complied with this obligation. Notwithstanding this paragraph, each party and its attorneys may retain copies of all filings made with the Court, including filings that contain or attach protected materials or excerpts therefrom.

Dated this 13th day of March, 2014.

APPROVED AND SO ORDERED:

_____
R. Brooke Jackson
United States District Judge


APPROVED as to form this 11th day of March, 2014.

| | |
|---|---|
| *s/Michael J. Roche* | *s/Franz Hardy* |
| Michael J. Roche | Franz Hardy |
| LATHROP & GAGE LLP | Christine Kroupa |
| 950 17th Street | GORDON & REES LLP |
| Suite 2400 | 555 17th Street |
| Denver, CO 80202 | Suite 3400 |
| (720) 931-3209 | Denver, CO 80202 |
| mroche@lathropgage.com | (303) 534-5160 |
| | fhardy@gordonrees.com |
| David L. Elkind | ckroupa@gordonrees.com |
| Justin F. Lavella | |
| DICKSTEIN SHAPIRO LLP | *Attorneys for Defendant* |
| 1825 Eye Street NW | |
| Washington, DC   20006-5403 | |
| Telephone:   (202) 420-4834 | |
| Facsimile:    (202) 420-2201 | |
| lavellaj@dicksteinshapiro.com | |
| elkindd@dicksteinshapiro.com | |

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2014, I electronically filed the foregoing **[PROPOSED]**

**STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David L. Elkind
Justin F. Lavella
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC  20006-5403

Franz Hardy
Christine Kroupa
GORDON & REES LLP
555 17th Street
Suite 3400
Denver, CO 80202

                                                         s/Michael J. Roche